UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.


JENNIFER PELL,
A citizen and resident of  California,

     Plaintiff(s),

vs.

ROYAL CARIBBEAN CRUISES LTD., a
Liberian Corporation,

     Defendant.

_____ /


## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff JENNIFER PELL, a citizen and resident of the State of California, through undersigned counsel, sues Defendant ROYAL CARIBBEAN CRUISES LTD., a Liberian corporation with its principal place of business in Florida, and alleges:

### JURISDICTION, VENUE AND PARTIES

1.     This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2.     Plaintiff JENNIFER PELL is a citizen and permanent resident of the State of California and is sui juris.

3.     Defendant ROYAL CARIBBEAN CRUISES LTD. is a Liberian corporation with its principal place of business in Miami, Miami-Dade County, Florida. For federal jurisdictional purposes, it is both a citizen of Liberia and a citizen of Florida.

4.     This Court has subject matter jurisdiction over this action on the ground of diversity of citizenship as provided in 28 U.S.C.§ 1332. The Plaintiff is a citizen and resident of the State of California, while the Defendant is for jurisdictional purposes a citizen of Florida, its principal place of business.  The amount in controversy exceeds the applicable jurisdictional amount of $75,000.00.  The damages alleged in Paragraph 12 below, including a subdural hematoma and resulting neurological injuries, support an award of damages in excess of $75,000.00.

5.      At all material times, the Defendant has had its principal place of business in Florida and has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, creating continuous and systematic contacts with the State of Florida, such as operating maritime cruise vessels for paying passengers, including the Plaintiff, so that general in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

6.     The Defendant's principal place of business is located in Miami-Dade County Florida. Accordingly, venue is proper in this Court.

7.     Venue is also proper in this Court because the operative ticket contract requires fare paying passengers such as the Plaintiff to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district.

8.     Plaintiff has complied with all conditions precedent to bringing this action including providing the Defendant a timely written notice of claim as required by the ticket contract on April 3, 2020.  A copy of the notice of claim, sent by E-mail and regular US Mail, is attached as Exhibit 1.

**LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS**

9.      At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the M/S "ENCHANTMENT OF THE SEAS."

10.      At all material times, the Plaintiff was a fare-paying passenger on board the M/S "ENCHANTMENT OF THE SEAS" and in that capacity was lawfully present on board the vessel.

11.      On or about January 16, 2020, while the Plaintiff was lawfully on board the M/S ENCHANTMENT OF THE SEAS, she was walking on Deck 9 of the vessel near the pool area, in conditions of heavy fog that limited visibility.  She slipped on fell on a wet, slippery area of the deck and fell, striking her head on a metal chair or chairs as she fell.

12.      As a direct and proximate result of the slip and fall as described above, the Plaintiff was injured in and about her body and extremities, including sustaining a subdural hematoma and consequent neurological injuries, suffered pain and suffering therefrom, sustained mental anguish, sustained disfigurement, disability, aggravation or activation of preexisting injuries and conditions, and the inability to lead a normal life.  Furthermore, Plaintiff incurred medical, hospital, and other out of pocket and health care expenses as a result of her injuries.  These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

**COUNT I – NEGLIGENT MAINTENANCE**

The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-12 above and further alleges:

13.     At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to maintain the floor surface in, around and outside the pool area on Deck 9 and the area where Plaintiff fell in a reasonably safe condition, including a duty to correct dangerous conditions of which it knew or should have known in the exercise of reasonable care.

14.     At all material times including the time referenced in the preceding paragraph, the surface of the area where the Plaintiff fell was in a high traffic area, being near the pool, and was in a condition dangerous to passengers traversing the area, including the Plaintiff, due to the presence of a wet slippery surface due to weather conditions including a persistent heavy fog.  The fog impaired the ability of passengers such as the Plaintiff to observe the deck and deck surface as they walked.

15.     At all material times, the Defendant either knew or should have known of the dangerous wet and slippery condition in the area where the Plaintiff fell, or in the exercise of reasonable care should have known of its dangerous condition, because it was in a high traffic area, or due to the length of time the dangerous condition had existed, its recurring nature, or both, and Defendant accordingly owed a duty to Plaintiff timely to exercise reasonable care, or to remedy the dangerous condition.  Specifically, the ambient weather conditions of heavy fog and resulting wet, slippery surface on Deck 9 near the pool had persisted for a period of time sufficient to invite corrective measures had the Defendant been exercising reasonable care, and the wet, slippery condition of the deck surface recurred regularly under similar weather conditions, providing additional actual or constructive notice of this dangerous condition to the Defendant.

16.     Notwithstanding Defendant's actual or constructive knowledge of the dangerous condition of the deck surface on Deck 9 near the pool, at or near the area where Plaintiff fell, the Defendant failed before the time of the Plaintiff's injury to take reasonable measures to maintain the area in a reasonably safe condition or to correct the dangerous condition by drying or cordoning off the area or otherwise.  The Defendant thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

17.     The Defendant's specific negligent acts or omissions consist of one or more of the following:

a.     Failing to maintain the floor surface or area in a reasonably safe condition;

b.     Failing to comply with Defendant's policies and procedures for preventing slip and fall accidents;

c.     Failing to conduct sufficiently frequent routine inspections of the area where Plaintiff fell for wetness or slipperiness;

d.     Failing timely to correct or remedy the wet, slippery condition of the area where Plaintiff fell;

e.     Failure to clean and dry the floor surface at and near the area where the Plaintiff fell in a regular, adequate and timely manner.

18.     As a direct and proximate result of the Defendant's negligence as described above the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 12 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## COUNT II – NEGLIGENT FAILURE TO WARN

The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-12 above and further alleges:

19. At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to warn of dangerous conditions of which it knew or should have known in the exercise of reasonable care.

20. At all material times including the time referenced in the preceding paragraph, the surface of the area where the Plaintiff fell was in a high traffic area, being near the pool, and was in a condition dangerous to passengers traversing the area, including the Plaintiff, due to the presence of a wet and hence slippery surface due to weather conditions including a persistent heavy fog. The fog impaired the ability of passengers such as the Plaintiff to observe the deck and deck surface as they walked.

21. At all material times, the Defendant either knew or should have known of the dangerous wet and slippery condition in the area where the Plaintiff fell and the limited visibility; or in the exercise of reasonable care should have known of its dangerous condition, because it was in a high traffic area, or due to the length of time the dangerous condition had existed, its recurring nature, or both, and Defendant accordingly owed a duty to Plaintiff timely to exercise reasonable care, or to remedy the dangerous condition. Specifically, the ambient weather conditions of heavy fog and resulting wet, slippery surface on Deck 9 near the pool with limited visibility, had persisted for a period of time sufficient to invite corrective measures had the Defendant been exercising reasonable care, and the wet, slippery condition of the deck surface recurred regularly

under similar weather conditions, providing additional actual or constructive notice of this dangerous condition to the Defendant.

22.     Notwithstanding Defendant's actual or constructive knowledge of the dangerous wet and slippery condition of deck surface on Deck 9 near the pool, at and near the area where Plaintiff fell, where visibility was limited the Defendant failed before the time of the Plaintiff's fall to take reasonable measures adequately to warn the Plaintiff of the hazard through oral or written warnings, appropriate signage or markings, cordoning off the area, advising to remain indoors, or otherwise. The Defendant thereby failed to exercise reasonable care and was negligent.

23.     As a direct and proximate result of the Defendant's negligence as described above the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 12.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

### DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 28th day of December, 2020.

**s/NICHOLAS I. GERSON**
NICHOLAS I. GERSON
Florida Bar No. 0020899
GERSON & SCHWARTZ, P.A.
Attorneys for Plaintiff
1980 Coral Way
Miami, FL 33145-2624
Telephone:     (305) 371-6000
Facsimile:     (305) 371-5749