UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:20-cv-25271-JB
[CONSENT CASE]

JENNIFER PELL,
A citizen and resident of California,

      Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD., a
Liberian Corporation.

      Defendant,

_____/

## DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF SUBSEQUENT REMEDIAL MEASURES

Defendant, ROYAL CARIBBEAN CRUISES, LTD. ("RCCL" or "Defendant"), by and through undersigned  counsel, and pursuant to Federal Rules of Evidence 403 and 407, hereby moves *in limine* to preclude evidence, testimony, argument, or reference of subsequent remedial measures, and states as follows:

**I.    ARGUMENT**

RCCL specifically moves to preclude evidence, testimony, argument, or reference to e-mail correspondence exchanged between two crewmembers following Plaintiff's incident..

Plaintiff fell onboard the pool deck of the *Enchantment of the Seas* on January 16, 2020. *See generally* ECF No. 1 (Complaint). Following Plaintiff's incident, an e-mail was sent to various crewmembers onboard the vessel to notify them of what happened along with Plaintiff's statement that she slipped in water in the pool deck area. *See* **Exhibit 1**. Upon receipt, Francois Chevalier forwarded this e-mail to Executive Housekeeper Kelvin Alexander with the message "Would you

please stress to the PA Team the importance to squeegee regularly and keep the deck dry." *Id.* Mr. Alexander responded confirming there was a meeting set wherein this would be addressed. *Id.*

Both Mr. Chevalier and Mr. Alexander have been deposed in this action and questioned at length regarding this e-mail correspondence[1]. *See* **Exhibit 2** (Deposition of Kelvin Alexander) at 39:13-57:-7. Mr. Alexander was specifically questioned regarding whether the meeting with the pool attendants took place because pool attendants were not present on the pool deck during Plaintiff's incident. *Id.* at 47:12-17; 56:21-57-7. And, Plaintiff contends in this case that she slipped on a wet surface on the pool deck that crewmembers should have recognized and addressed. Any evidence, testimony, argument, or reference to this e-mail correspondence should be precluded from trial as same would be offered only to prove RCCL was negligent with regards to Plaintiff's incident. This makes same inadmissible as a subsequent remedial measure under Federal Rule of Evidence 407.

Federal Rule of Evidence 407 states: "When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction." Additionally, Federal Rule of Evidence 403 provides that the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury.

In *Wilkinson v. Carnival Cruise Lines, Inc.*, 920 F.2d 1560, 1567-68 (11th Cir. 1991), the Eleventh Circuit reversed following trial where evidence of subsequent remedial measures was offered as impeachment evidence. There, plaintiff claimed an automatic sliding glass door ran over her toes as she was passing through it. *Id.* at 1562. Passenger testimony was offered that the sliding

---

[1] Mr. Chevalier's deposition was taken March 17, 2022, and the transcript is not yet in possession of the undersigned. The transcript will be supplemented upon receipt.

glass door was left in an "open" position for the remainder of the cruise, which the trial court eventually determined was a type of remedial measure. *Id.* at 1564. However, the trial court later allowed this evidence for impeachment purposes. *Id.* The Eleventh Circuit cautioned against the admission of subsequent remedial measures even as impeachment evidence, found that such testimony likely gave rise to the precise inference of negligence Rule 407 was designed to avoid, and found the testimony should have remained inadmissible. *Id.* at 1567-68.

Similarly here, evidence and testimony regarding the e-mail exchange will be offered only to prove RCCL's negligence with regards to Plaintiff's incident and is therefore inadmissible. As was done during Mr. Alexander's and Mr. Chevalier's depositions, RCCL anticipates this e-mail exchange will be used by Plaintiff to show RCCL was negligent by taking a perceived remedial action after the incident in response to Plaintiff's fall to protect the safety of other passengers. If evidence, testimony, or argument is offered regarding this e-mail exchange, it will be "for the disallowed purpose of proving [RCCL's] fault." *Mitchell v. Royal Caribbean Cruises, Ltd.*, No. 12-CIV-22734-UU, 2013 WL 8283958, at *2 (S.D. Fla. June 7, 2013). Indeed, none of the exceptions to Rule 407 apply here – RCCL is not disputing ownership of the ship or pool deck, its control, or the feasibility of precautionary measures.

Further, under Rule 403, any limited probative value of this e-mail exchange is far outweighed by the danger of unfair prejudice to RCCL. The jury would likely draw the unavoidable inference that RCCL was negligent because Mr. Chevalier advised Mr. Alexander to remind the pool attendants of the importance to squeegee and keep the deck dry in response to Plaintiff's claim she fell in water. This poses the specific danger that a jury would reach the unwarranted conclusion that the deck was wet and caused Plaintiff's fall, despite the fact that neither Mr. Chevalier nor Mr. Alexander observed the condition of the deck at the time of

Plaintiff's incident or investigated her incident.  As such, the  danger of confusing or misleading the jury is great, and any reference to this e-mail exchange should be precluded from trial.

WHEREFORE, Defendant, ROYAL CARIBBEAN CRUISES, LTD., respectfully requests an order precluding Plaintiff from offering evidence, testimony, argument, or references to the e-mail correspondence exchanged between Francois Chevalier and Kelvin Alexander following Plaintiff's incident, and for any further relief this Court deems just and proper.

### Local Rule 7.1 Certification

I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sough in the motion in a good faith effort to resolve the issues raised in the motion but has been unable to do so.

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive
Suite 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ W. Cooper Jarnagin*
Michael J. Drahos
Florida Bar No. 0617059
W. Cooper Jarnagin
Florida Bar No.: 117767
Michael.Drahos@Gray-Robinson.com
Cooper.Jarnagin@Gray-Robinson.com
Lilia.Parker@Gray-Robinson.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2022, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/ W. Cooper Jarnagin*

## SERVICE LIST

Philip M. Gerson. Esq.
pgerson@gslawusa.com
Nicholas I. Gerson, Esq.
ngerson@gslawusa.com
Gerson & Schwartz, P.A.
1980 Coral Way
Miami, FL 33145
Tel. (305) 371-6000
Fax (305) 371-5746

*Attorneys for Plaintiff*