UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 20-cv-25271-JB

**CONSENT CASE**

JENNIFER PELL,
A citizen and resident of California,

      Plaintiff(s),

 vs.

ROYAL CARIBBEAN CRUISES LTD., a
Liberian Corporation,

      Defendant.

_____/

**PLAINTIFF'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, JENNIFER PELL, through undersigned counsel, moves for the imposition of sanctions, including an appropriate adverse inference instruction, for the bad faith spoliation of crucial evidence by Defendant ROYAL CARIBBEAN CRUISE LTD.  As grounds the Plaintiff shows the Court the following matters

1. This case arises out of a fall on Deck 9, the pool deck, of the Defendant's cruise ship "Enchantment of the Seas" on January 16, 2020.  While walking on a walkway near the pool, Ms. PELL fell sustaining serious injuries including head trauma.

2. At the time Plaintiff fell, the weather was foggy. (Exhibit 1, Deposition of Amanda Campos, January 12, 2022 at 118:12-13, 119:14-15).  These ambient foggy conditions had left the deck wet.

*Pell v. Royal Caribbean Cruises, Ltd.*
*Case No. 20-cv-25271-JB*

3.  The surface of Deck 9, including the area where Ms. PELL was walking when she fell, was covered in an artificial surfacing material known as "Bolideck Future Teak" manufactured by Bolidt Cruise Control Corporation. (Campos at 25:5-10).

4.  A Bolidt deck surface is periodically refurbished by sanding the surface and pouring new material to set or reseal over the sanded surface. (Campos at 52:11-25).

5.  The Bolidt surface in the area of Deck 9 where Ms. PELL fell had last been refurbished in December of 2018. No substantial modification or refurbishment of the surface occurred between December of 2018 and the time of Ms. PELL's fall in January of 2020. (Campos at 58:20, 59:9-20).

6.  On April 3, 2020, Ms. PELL through counsel gave Defendant ROYAL CARIBBEAN notice of the claim by email and mail. The notice included a specific request that both video footage and "other evidence requested" may be used in litigation in the future and accordingly "cannot be disposed of, altered or destroyed," and that any failure to preserve evidence as requested "may subject you to additional legal relief for a spoliation of evidence claim." (Exhibit 2, Notice/Preservation Letter of April 3, 2020).

7.  On August 10, 2021, Ms. PELL's counsel sent an email in response to being informed that the "Enchantment of the Seas" was going into drydock in Cadiz, Spain. Counsel was concerned that repairs or refurbishing of the vessel might take place in drydock and accordingly requested confirmation from RCL that the "floor surface

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Pell v. Royal Caribbean Cruises, Ltd.*
*Case No. 20-cv-25271-JB*

used on the pool deck and in the general area where Plaintiff was injured on the vessel is not being changed … when the vessel goes into dry dock in Spain." The email went on to state, in a comment bolded for emphasis, that "**this shall serve as our request that the floor surface used in the area where Plaintiff was injured is preserved and is not changed in anyway until our inspection is completed."** (Exhibit 3, Email of August 10, 2021, from Plaintiff's counsel to Defendant's counsel)(bolding in original).

8. On October 20, 2021, Ms. PELL's counsel repeated his request for a vessel inspection and noted that, during the inspection, "we also will be testing the floor surface." (Exhibit 4, Email of October 20, 2021, from Plaintiff's counsel to Defendant's counsel).

9. In November of 2021, this action was pending. ROYAL CARIBBEAN at that time admittedly was aware both that this action was pending and that Ms. PELL had requested an inspection of the relevant areas of Deck 9 by her engineering expert. (Campos at 70:8-14, 70:20-21, 73:1-12). In light of the April 3, 2020, notice and preservation request letter, the August 10, 2021 email specifically requesting in bold type that the floor surface in the area where Ms. PELL was injured not be changed in any way pending the vessel inspection, and the October 20, 2021 email reiterating that Ms. PELL's expert planned to test the deck surface, RCL was also aware both generally of the need to preserve materials that could constitute potential evidence

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Pell v. Royal Caribbean Cruises, Ltd.*
*Case No. 20-cv-25271-JB*

and very specifically of the need to preserve the surface of Deck 9 pending Plaintiff's expert's vessel inspection.

10. In November of 2021, the "Enchantment of the Seas" went into drydock in Cadiz, Spain.  At that time some construction work was taking place on the vessel, which led to the storage of construction materials on Deck 9.  The construction work and storage of materials on Deck 9, ROYAL CARIBBEAN has claimed, led to damage to the Bolidt surface, in the form of dents and scratches. (Campos at 65:7-16, 669:8-13, 71:11-21).

11. ROYAL CARIBBEAN, through personnel on the "Enchantment of the Seas," commissioned repairs of the Deck 9 Bolidt surface in November of 2021.  These repairs included sanding of the surface and resealing. (Campos at 61:12-20, 63:2-21, 64:3-11, Exhibit 5, Amended Expert Report of Andrew Frank Fore at 5, 22-23).

12. The area in which Ms. PELL fell was included in the areas that were sanded in November 2021. (Campos at 64:8-11, 72:23-25).

13. On January 2, 2022, Mr. Fore was allowed onto the "Enchantment of the Seas" to conduct his inspection. (Fore Amended Report at 20).   He conducted coefficient of friction testing on the area of the deck surface where Ms. PELL fell and took photographs. (Fore Amended Report at 21-25, 25-26).  The photographs depicted the areas that had been sanded approximately two months earlier, and the areas where resealing had occurred. (Fore Amended Report at 22-23).

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Pell v. Royal Caribbean Cruises, Ltd.*
*Case No. 20-cv-25271-JB*

14. While Mr. Fore was able to conduct coefficient of friction testing on Deck 9 in the area where Ms. PELL fell, he noted in his report that the area he tested had obviously been sanded.  The sanding procedure affected the coefficient of friction of the deck surface, specifically by increasing its slip resistance. (Fore at 26).  Accordingly, while Mr. Fore was able to conduct coefficient of friction testing on Deck 9, his results admittedly did not and could not reflect the condition of the deck surface as it was on the date Ms. PELL fell.

15. Due to the modification of the Deck 9 surface by the sanding and resealing in November of 2021, Mr. Fore's coefficient of friction results did not and could not reflect the condition of the surface at the time Ms. PELL fell.  There is no way currently to reconstruct that condition.

16. ROYAL CARIBBEAN's explanation for substantial modifications of the deck surface being undertaken even while it knew that an inspection of the surface for litigation purposes was pending was that "the ship just did it on its own" and "took it upon themselves" to refurbish the deck for "aesthetic" purposes, "because of the dents and the dings," but "did not correspond with anyone shoreside before it was done." (Campos at 70:21-25, 71:19-21, 73:13-15).

17. After Ms. Campos' deposition, Ms. PELL propounded discovery, attempting to clarify ROYAL CARIBBEAN's claim that the sanding on Deck 9 had been in response to alleged damage to the deck.  ROYAL CARIBBEAN initially resisted this

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Pell v. Royal Caribbean Cruises, Ltd.*
*Case No. 20-cv-25271-JB*

discovery, but this Court, after a discovery hearing on February 22, 2022, ordered a response. (DE 43).

18. ROYAL CARIBBEAN has now produced a set of photographs depicting areas of damage to the surface on Deck 9, marked, apparently by ROYAL CARIBBEAN, in red, with the markings apparently indicating areas where repairs were anticipated or necessary. (Exhibit 6).  The area where Ms. PELL fell, the walkway adjacent to the pool area lounge chairs, is not included in any of the areas marked by ROYAL CARIBBEAN in the photographic set as areas where repair of damage was planned.

19. On March 31, 2022, Ms. PELL's counsel deposed Staff Captain Giancarlo Lena.  No transcript of Captain Lena's deposition is yet available.  Captain Lena testified that sanding and resealing of Deck 9 occurred for aesthetic reasons due to staining of certain areas of the deck, as depicted on the attached photographs, rather than damage. (Exhibit 7, 8).  He also testified that the "Enchantment of the Seas" was taken out of service due to COVID conditions shortly after Ms. PELL's fall and did not resume sailing until after the November 2021 refurbishment.

20. In order to impose a sanction for spoliation of evidence, the Court must find that: a) evidence once existed that could fairly be supposed to have been material to the proof or defense of a claim at issue in the case; b) the spoliating party engaged in an affirmative act causing the evidence to be lost; c) the spoliating party did so while it knew or should have known of its duty to preserve the evidence; and d) the

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Pell v. Royal Caribbean Cruises, Ltd.*
*Case No. 20-cv-25271-JB*

affirmative act causing the loss cannot be credibly explained as not involving bad faith by the reason proffered by the spoliator. *In re Boston Boat III, L.L.C.*, 310 F.R.D. 510, 520 (S.D. Fla. 2015).

21. *Boston Boat* involves facts similar to those in this case.  In *Boston Boat*, plaintiff Galioto was injured onboard a vessel when a passenger apparently slipped and fell on the top deck of the vessel and fell into him. *Boston Boat*, 310 F.R.D. at 512.  After Galioto had made his claim, while limitation of liability litigation was pending, and approximately two and one-half months before Galioto's expert had an opportunity to inspect the vessel, Boston Boat's principal decided on his own to renovate the vessel. The renovation work included removing the carpeting from the top deck where the passenger had fallen into Galioto, thereby irreversibly changing its condition.  In light of the removal of the carpet, Galioto's expert could not perform relevant testing or offer "any opinions or do any analysis regarding the actual location of the fall." Id. at 517-18.

22.  Ultimately, the *Boston Boat* court determined that bad faith spoliation had occurred and that sanctions were accordingly warranted.  The removed carpeting was relevant evidence that had once existed but had been lost due to the actions of Boston Boat's principal.  The removal of evidence occurred while Boston Boat knew that litigation was pending and knew or should have known that the carpeting would be relevant evidence that should be preserved. Id. at 521-22.  Most importantly, the court rejected

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Pell v. Royal Caribbean Cruises, Ltd.*
*Case No. 20-cv-25271-JB*

Boston Boat's explanation that the removal of the carpeting was done as part of routine maintenance and not in bad faith, noting that "Even if [the routine maintenance explanation was] correct, however, that does not sufficiently explain (1) why Boston Boat did not advise its own counsel that it was going to be destroying relevant parts of the vessel, (2) why Boston Boat's counsel did not provide its client with specific instructions to not destroy evidence (including refurbishing or remediating the vessel) before giving experts from both sides the opportunity to inspect …. ."

23. In this case, as in *Boston Boat*, the evidence at issue, the surface of Deck 9 upon which Ms. PELL fell, once existed; it is undisputed that the deck surface was refurbished in December of 2018 and not substantially changed thereafter until after Ms. PELL fell and was injured.  The modification of the deck surface, by sanding and resealing, was deliberate on the part of the ROYAL CARIBBEAN crewmembers and contractors who undertook it, whether it was undertaken to repair surface damage or simply for aesthetic purposes to correct stains.  The sanding procedure materially changed the condition of the deck surface, materially increasing its slip resistance and therefore making coefficient of friction testing undertaken thereafter an unreliable guide to the slip resistance of the surface at the time Ms. PELL fell.  Ms. PELL's expert was unable to ascertain with testing the coefficient of friction and slip resistance at the time Ms. PELL fell, thereby prejudicing her ability to prove her case.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Pell v. Royal Caribbean Cruises, Ltd.*
*Case No. 20-cv-25271-JB*

24. ROYAL CARIBBEAN offers what it claims to be an innocent explanation for the refurbishment, claiming that the ship's crew undertook the refurbishment on their own without contacting shoreside management.  The ship's crew were, however, ROYAL CARIBBEAN employees acting in the scope of their employment with ROYAL CARIBBEAN.  ROYAL CARIBBEAN knew before the ship went into dry dock that litigation was pending, that the condition of the deck surface was at issue, and that an inspection by Ms. PELL's expert was pending.  ROYAL CARIBBEAN had been requested generally to preserve relevant evidence and had then been requested specifically, by the email of August 10, 2021, not to modify the deck surface where Ms. PELL fell, in any way, until Ms. PELL could complete her inspection.  ROYAL CARIBBEAN thus knew before the deck surface was changed that it should be preserved and that failure to preserve it could lead to spoliation sanctions.  ROYAL CARIBBEAN's explanation that the ship's crew took it upon themselves to conduct a renovation for "aesthetic" purposes, like the explanation of "routine maintenance" in *Boston Boat*, is unavailing; ROYAL CARIBBEAN does not explain why, even knowing that the vessel was going into drydock where repairs were likely to be undertaken and knowing of Ms. PELL's specific request to preserve the evidence, it did not advise the crew of the "Enchantment of the Seas" to preserve the relevant area of Deck 9 and did not give its employees on the vessel specific instructions not to destroy evidence by modifying the deck.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Pell v. Royal Caribbean Cruises, Ltd.*
*Case No. 20-cv-25271-JB*

25. The appropriate remedy for ROYAL CARIBBEAN's spoliation of evidence is an appropriate instruction to the jury, to the effect that they can or may infer that testing of the deck surface before it had been sanded or otherwise modified would have disclosed evidence favorable to Ms. PELL, specifically a deficiency in the slip resistance or coefficient of friction of the surface.

26. Alternatively, the Court could allow the parties to present evidence regarding the spoliation to the jury and allow the jury to determine whether the modification of the deck in November of 2021 was undertaken in bad faith. *Cf. Sosa v. Carnival Corp.*, 2018 U.S. Dist. LEXIS 204933 at **58-59, 2018 WL 6335178 (S.D. Fla. Case No. 18-20957-ALTONAGA/GOODMAN, December 4, 2018)(allowing as an alternative sanction for spoliation of video evidence the presentation of evidence about the spoliation to the jury, allowing the jury to find intent or not)

**WHEREFORE**, the Plaintiff requests sanctions for the spoliation of evidence by the Defendant discussed above, in the form of an appropriate adverse inference instruction as discussed above, or alternatively allowing the Plaintiff to present evidence of the spoliation to the jury and deferring a finding of intent to the jury.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Pell v. Royal Caribbean Cruises, Ltd.*
*Case No. 20-cv-25271-JB*

## LOCAL RULE 7.1(a)(3) CERTIFICATE

The undersigned certifies that counsel for the Plaintiff has conferred with counsel for the

Defendant in a good faith effort to resolve by agreement the issues raised in the foregoing motion

but has been unable to do so.

*/s EDWARD S. SCHWARTZ*
EDWARD S. SCHWARTZ
Florida Bar No. 346721
NICHOLAS I. GERSON
Florida Bar Number No. 0020899
PHILIP M. GERSON
Florida bar No. 127290
eschwartz@gslawusa.com
ngerson@gslawusa.com
pgerson@gslawusa.com
zdiaz@gslawusa.com
filing@gslawusa.com
GERSON & SCHWARTZ, P.A.
*Attorneys for Plaintiffs*
1980 Coral Way
Miami, Florida 33145
Telephone:(305) 371-6000
Facsimile: (305) 371-5749

*Pell v. Royal Caribbean Cruises, Ltd.*
*Case No. 20-cv-25271-JB*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of April 2022 the undersigned counsel served the foregoing upon on all counsel on the attached service list. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF on in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

> ***/s EDWARD S. SCHWARTZ***
> EDWARD S. SCHWARTZ
> Florida Bar No. 346721
> NICHOLAS I. GERSON
> Florida Bar Number No. 0020899
> PHILIP M. GERSON
> Florida bar No. 127290
> eschwartz@gslawusa.com
> ngerson@gslawusa.com
> pgerson@gslawusa.com
> zdiaz@gslawusa.com
> filing@gslawusa.com
> GERSON & SCHWARTZ, P.A.
> *Attorneys for Plaintiffs*
> 1980 Coral Way
> Miami, Florida 33145
> Telephone:(305) 371-6000
> Facsimile: (305) 371-5749

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Pell v. Royal Caribbean Cruises, Ltd.*
*Case No. 20-cv-25271-JB*

**SERVICE LIST**
**JENNIFER PELL V. ROYAL CARIBBEAN CRUISES LTD.., ETC.**
**CASE NO:  1:20-CV-25271**

| | |
|---|---|
| Philip M. Gerson, Esq. <br> Florida Bar No. 12790 <br> pgerson@gslawusa.com <br> Nicholas I. Gerson. Esq. <br> Florida Bar No. 20899 <br> ngerson@gslawusa.com <br> Edward S. Schwartz, Esq. <br> Florida Bar No. 346721 <br> eschwartz@gslawusa.com <br> David Markel, Esq. <br> Florida Bar No. 78306 <br> dmarkel@gslawusa.com <br> GERSON & SCHWARTZ, P.A. <br> 1980 Coral Way <br> Miami, Florida 33145 <br> Telephone: (305) 371-6000 <br> Facsimile: (305) 371-5749 <br> ***Attorneys for Plaintiff*** | Michael J. Drahos, Esq. <br> Florida Bar No.: 0617059 <br> Michael.drahos@gray-robinson.com <br> Lilia.parker@gray-robinson.com <br> GRAY ROBINSON, P.A. <br> 515 North Flagler Drive, Suite 650 <br> West Palm Beach, Florida 33401 <br> Tel: (561) 268-5728 <br> Fax: (561) 268-5745 <br> ***Attorneys for Defendant*** <br><br> Nicholas A. Applin, Esq. <br> Florida Bar No.: 92243 <br> napplin@rccl.com <br> Royal Caribbean Cruises Ltd. <br> 1080 Caribbean Way <br> Miami, Florida 33132 <br> Tel. (305) 982-2046 <br> Alt. (305) 539-4457 <br> Fax (305) 539-6561 <br> ***Attorneys for Defendant*** |

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com