UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 20-cv-25271-JB

**CONSENT CASE**

JENNIFER PELL,
A citizen and resident of California,

      Plaintiff(s),

vs.

ROYAL CARIBBEAN CRUISES LTD., a
Liberian Corporation,

      Defendant.

_____/

**PLAINTIFF'S OMNIBUS MOTION IN LIMINE AND INCORPORATED
MEMORANDUM OF LAW**

Plaintiff, JENNIFER PELL, through undersigned counsel, moves in limine to exclude certain matters Plaintiff as to which anticipates the Defendant may attempt to introduce evidence at trial or reference before the jury in argument or otherwise.  For the reasons explained below, these matters should be excluded from evidence and argument at trial.

**Alleged Non-Occurrence of Prior Similar Incidents**

Defendant ROYAL CARIBBEAN CRUISES, LTD. may attempt to argue that a large number of passengers have traversed the area on Deck 9 of the "Enchantment of the Seas" where Ms. PELL fell without falling or any other form of mishap or injury.  In  order to make such an argument at trial, however, ROYAL CARIBBEAN would have to lay a foundation showing that conditions when the hypothetical uninjured passengers traversed the same area of Deck 9 were

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Pell v. Royal Caribbean Cruises, Ltd.*
*Case No. 20-cv-25271-JB*

substantially similar to the conditions Ms. PELL encountered when she fell. *See Acevedo v. NCL (Bah.) Ltd.*, 317 F. Supp. 3d 1188, 1195 (S.D. Fla. 2017), *citing Pittman v. Littlefield*, 438 F.2d 659, 662 (1st Cir. 1971)(excluding evidence of the absence of prior similar incidents where NCL had failed to establish a sufficient foundation to admit such evidence; in order to admit evidence of the absence of prior accidents, a party seeking to introduce such evidence "'must show that conditions during the period in question were substantially similar to those prevailing at the time of the accident.'"); *Diczok v. Celebrity Cruises, Inc.*,  2017 U.S. Dist. LEXIS 116820, 2017 WL 3206327 (S.D. Fla. Case No. 16-210110-CIV-SEITZ/TURNOFF, July 26, 2017)(party seeking to rely on evidence of the absence of prior incidents "must show that conditions during the period in question were substantially similar  to those prevailing at the time of the accident.").

In this case, ROYAL CARIBBEAN has not laid a sufficient foundation to support an argument based on an asserted absence of prior incidents.  It has not shown that hypothetical prior passengers traversing the area where Ms. PELL fell encountered the same conditions she did.  In the absence of an adequate foundation, argument concerning an alleged absence of prior incidents would be confusing to the jury and unfairly prejudicial, and so should be excluded under Federal Rule of Evidence 403 and cases such as *Acevedo, Diczok*, and *Pittman*.

**WHEREFORE,** the Plaintiff moves in limine to exclude all evidence or argument concerning or other reference before the jury to an alleged absence of prior similar incidents or the estimated or calculated number of passengers who have traversed the area on Deck 9 where Ms. PELL fell without incident or injury.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Pell v. Royal Caribbean Cruises, Ltd.*
*Case No. 20-cv-25271-JB*

### The Defendant's Corporate Representative Should Not be Permitted At Trial To Contradict Or Vary From Binding Testimony Given In Deposition Pursuant To Rule 30(b)(6), Federal Rules Of Civil Procedure

On January 12, 2022, Defendant ROYAL CARIBBEAN gave a deposition pursuant to Rule 30(b)(6), Federal Rules of Civil Procedure, through its designated corporate representative Amanda Campos.

Federal Rule of Civil Procedure 30(b)(6) provides for deposition to be given on behalf of a corporation through a designated corporate representative, who testifies as the corporation and whose testimony is accordingly binding on the corporation.  The rule is "designed to avoid the possibility that several officers and managing agents might be deposed in turn, with each disclaiming personal knowledge of facts that are clearly known to persons within the organization and thus to the organization itself." *Brazos River Authority v. GE Ionics, Inc.,* 469 F.3d 416, 432-33 (5th Cir. 2006). The corporate deponent must therefore "make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought ... and to prepare those persons in order that they can answer fully, completely unevasively, the questions posed ... as to the relevant subject matters." *Brazos*, 469 F.3d at 433, quoting *Bank of New York v. Meridien BIAO Bank Tanzania Ltd*., 171 F.R.D. 135, 151 (S.D.N.Y. 1997); *Securities and Exchange Commission v. Morelli*, 143 F.R.D. 42, 45 (S.D.N.Y. 1992); *Mitsui & Co. (U.S.A.) v. Puerto Rico Water Resources Authority*, 93 F.R.D. 62, 67 (D.P.R. 1981)(emphasis in Brazos); see *Quantachrome Corp. v. Micromeritics Instrument Corp.*, 189 F.R.D. 697, 699 (S.D. Fla.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Pell v. Royal Caribbean Cruises, Ltd.*
*Case No. 20-cv-25271-JB*

1999)(corporate Rule 30(b)(6) deponent must "designate persons who have knowledge of the matters sought" and "prepare those persons so that they are able to give complete and knowledgeable answers.").

Corporations have an "affirmative duty" to make available the witnesses "necessary to give 'complete, knowledgeable and *binding* answers'" on their behalf. *Ecclesiastes 9:10-11-12, Inc, v. LMC Holding Co.*, 497 F.3d 1135, 1146 (10th Cir. 2007), quoting *Morelli*, 143 F.R.D. at 45 (emphasis added). While Rule 30(b)(6) "is not designed to be a memory contest," the corporation's designated deponent "must both be knowledgeable about a given area and prepared to give complete and binding answers on behalf of the organization." *Meridien*, 171 F.R.D. at 150. The corporation accordingly has a duty to prepare the designated deponent to testify "to the extent matters are reasonably available, whether from documents, past employees, or other sources"; the corporation's duty to prepare the witness "goes beyond matters personally known to that designee or ... matters in which that designee was personally involved." *Brazos*, 469 F.3d at 433; *Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co.*, 201 F.R.D. 33, 36 (D. Mass. 2001)(duty of corporate deponent to "review all matters known or reasonably available" before a Rule 30(b)(6) deposition).

Since the corporate representative is designated by the corporation, and the corporation has a corresponding duty to prepare that representative thoroughly on the basis of all information known collectively to the corporation, the representative's testimony at deposition is the collective testimony of the corporation and therefore binds the corporation. *Ecclesiastes*, 497

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Pell v. Royal Caribbean Cruises, Ltd.*
*Case No. 20-cv-25271-JB*

F.3d at 1146; *Morelli*, 143 F.R.D. at 45.  The binding nature of corporate representative testimony applies not only to those matters as to which the representative makes affirmative representations, but also and indeed especially to those matters as to which the representative, on behalf of the corporation, professes lack of knowledge. *See QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 690 (S.D. Fla. 2012)( a corporate representative's answer at a Rule 30(b)(6) deposition professing "lack of knowledge" regarding a designated topic "is itself an answer which will bind the corporation at trial."); *Don Goyo Aviation Corp. v. Catlin Ins. Co.*, 2018 U.S. Dist. LEXIS 168100 at *12 (S.D. Fla. Case No. 17-22390-CIV-COOKE/GOODMAN, September 27, 2018), *citing QBE Ins. Corp.*, 277 F.R.D. at 690 ("As a natural consequence of Don Goyo expressing that it does not have knowledge as to these specific events, Don Goyo 'will not be allowed to effectively change its answer by introducing evidence at trial'").

In this case, Ms. Campos as corporate representative gave binding deposition testimony on behalf of ROYAL CARIBBEAN on January 12, 2022.  Under Rule 30(b)(6) and the authorities cited above, ROYAL CARIBBEAN "not be allowed to effectively change its answer by introducing evidence at trial" inconsistent with the binding testimony given at the corporate representative deposition, including both testimony stating the position of ROYAL CARIBBEAN on the evidence and testimony indicating that ROYAL CARIBBEAN had limited knowledge regarding various matters.

**WHEREFORE**, the Plaintiff requests an order in limine preventing ROYAL CARIBBEAN at trial from introducing evidence inconsistent with the binding answers given by

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Pell v. Royal Caribbean Cruises, Ltd.*
*Case No. 20-cv-25271-JB*

its corporate representative Amanda Campos at the Rule 30(b)(6) deposition of January 12, 2022.

## LOCAL RULE 7.1(a)(3) CERTIFICATE

The undersigned certifies that counsel for the Plaintiff has conferred with counsel for the Defendant in a good faith effort to resolve by agreement the issues raised in the foregoing motion but has been unable to do so.

/s *EDWARD S. SCHWARTZ*
EDWARD S. SCHWARTZ
Florida Bar No. 346721
NICHOLAS I. GERSON
Florida Bar Number No. 0020899
PHILIP M. GERSON
Florida bar No. 127290
eschwartz@gslawusa.com
ngerson@gslawusa.com
pgerson@gslawusa.com
zdiaz@gslawusa.com
filing@gslawusa.com
GERSON & SCHWARTZ, P.A.
*Attorneys for Plaintiffs*
1980 Coral Way
Miami, Florida 33145
Telephone:(305) 371-6000
Facsimile: (305) 371-5749

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Pell v. Royal Caribbean Cruises, Ltd.*
*Case No. 20-cv-25271-JB*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of April 2022 the undersigned counsel served the foregoing upon on all counsel on the attached service list. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF on in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

*/s EDWARD S. SCHWARTZ*
EDWARD S. SCHWARTZ
Florida Bar No. 346721
NICHOLAS I. GERSON
Florida Bar Number No. 0020899
PHILIP M. GERSON
Florida bar No. 127290
eschwartz@gslawusa.com
ngerson@gslawusa.com
pgerson@gslawusa.com
zdiaz@gslawusa.com
filing@gslawusa.com
GERSON & SCHWARTZ, P.A.
*Attorneys for Plaintiffs*
1980 Coral Way
Miami, Florida 33145
Telephone:(305) 371-6000
Facsimile: (305) 371-5749

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Pell v. Royal Caribbean Cruises, Ltd.*
*Case No. 20-cv-25271-JB*

### SERVICE LIST
### JENNIFER PELL V. ROYAL CARIBBEAN CRUISES LTD.., ETC.
### CASE NO: 1:20-CV-25271

| | |
|---|---|
| Philip M. Gerson, Esq.<br>Florida Bar No. 12790<br>pgerson@gslawusa.com<br>Nicholas I. Gerson. Esq.<br>Florida Bar No. 20899<br>ngerson@gslawusa.com<br>Edward S. Schwartz, Esq.<br>Florida Bar No. 346721<br>eschwartz@gslawusa.com<br>David Markel, Esq.<br>Florida Bar No. 78306<br>dmarkel@gslawusa.com<br>GERSON & SCHWARTZ, P.A.<br>1980 Coral Way<br>Miami, Florida 33145<br>Telephone: (305) 371-6000<br>Facsimile: (305) 371-5749<br>***Attorneys for Plaintiff*** | Michael J. Drahos, Esq.<br>Florida Bar No.: 0617059<br>Michael.drahos@gray-robinson.com<br>Lilia.parker@gray-robinson.com<br>GRAY ROBINSON, P.A.<br>515 North Flagler Drive, Suite 650<br>West Palm Beach, Florida 33401<br>Tel: (561) 268-5728<br>Fax: (561) 268-5745<br>***Attorneys for Defendant***<br><br>Nicholas A. Applin, Esq.<br>Florida Bar No.: 92243<br>napplin@rccl.com<br>Royal Caribbean Cruises Ltd.<br>1080 Caribbean Way<br>Miami, Florida 33132<br>Tel. (305) 982-2046<br>Alt. (305) 539-4457<br>Fax (305) 539-6561<br>***Attorneys for Defendant*** |

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com